IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **MICHAEL VON SCHOECH and MATTHEW ADAMS, on behalf of themselves and all others similarly situated,**<br><br>Plaintiffs<br><br>vs.<br><br>**LOWE'S HOME IMPROVEMENT, LLC**<br><br>Defendant | CASE NO. 5:20-cv-168-TBR |

**PLAINTIFFS' CLASS ACTION COMPLAINT**

**(Jury Trial Demanded)**

Plaintiffs, Michael Von Schoech and Matthew Adams, on behalf of themselves and all others similarly situated, state for their Class Action Complaint against Defendant, Lowe's Home Improvement, LLC, as follows:

**NATURE OF THE CASE**

1. Plaintiffs bring this action against Lowe's for violations of the Federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b(b)(3).

2. Lowe's operates a chain of retail stores throughout the United States, which it staffs with consumers like Plaintiffs. As part of its applicant screening process, Lowe's obtains consumer reports from First Advantage Corporation.

3. First Advantage is a consumer reporting agency that operates a national database of public records and related employment histories, which it uses to prepare consumer reports about Plaintiffs and putative class members for employment purposes.

4. When using consumer reports for employment purposes, Lowe's must – **before** declining, delaying or terminating employment based in whole or in part on the contents of the report – provide job applicants with a copy of their respective report together with a written summary of their rights under the FCRA.

5. This pre-adverse action notice (PAAN) provides applicants with the knowledge needed to contextualize accurate information, or challenge inaccurate, incomplete, and misleading records.

6. Lowe's was previously sued for failing to provide PAAN to applicants, and thus actual knowledge of its obligation to do so under the FCRA. See *Brown v. Lowe's Companies, Inc., et al.*, Case No. 5:13-cv-00079 (W.D. N.C.)

## PARTIES

7. Michael Von Schoech is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Matthew Adams is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Lowe's is a for profit corporation headquartered in North Carolina but registered to do business in this District. Further, Lowe's operates stores and hires consumers within this District and Division.

## JURISDICTION AND VENUE

10. The Court has federal question jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper because Lowe's can be found in this District and a substantial part of the events giving rise to Plaintiffs' claims occurred here. 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1391(d).

## FACTUAL ALLEGATIONS

### Facts Particular to Michael Von Schoech

12. Von Schoech applied for a position as a Seasonal Receiver/Stocker at a Lowe's store in Mayfield, Kentucky on or around April 14, 2020.

13. As part of its hiring process, Lowe's ordered a consumer report about him from First Advantage.

14. During the initial hiring process, Von Schoech self-disclosed a 2013 prior misdemeanor conviction.

15. The Lowe's associate involved in his hiring process advised him that this record should not have impacted his employment eligibility.

16. Indeed, Von Schoech was hired and began working in mid-April. Thereafter, he was promoted from a seasonal employee to a part-time employee with full-time hours in May 2020.

17. Suddenly on July 8, 2020, Lowe's called Von Schoech into the manager's office to advise that he was being terminated due to information contained on his background report. The Lowe's associate indicated that the decision was "from corporate", and that no other information, including the name of the consumer reporting agency that provided the report, could be provided to Von Schoech.

18. At no time prior to terminating Von Schoech, did Lowe's provide him with a copy of his consumer report or a written summary of his rights under the FCRA.

19. When Von Schoech asked Lowe's for a copy of his consumer report, he was told that no such copy could be provided.

20. Only through counsel was Von Schoech finally able to obtain a copy of his

consumer report from First Advantage, which contained information consistent with his previous self-disclosed record.

21. By not providing PAAN to Von Schoech, he was deprived of his substantive right to contextual information contained in his report in an effort to retain his employment with Lowe's.

22. Indeed, the consumer report provided to Von Schoech by First Advantage indicated that Lowe's review of his report was still "in progress" even though he was summarily terminated.

### Facts Particular to Matthew Adams

23. Adams applied for a Seasonal Sales position at Lowe's on or around May 8, 2020.

24. Upon submitting his application, Adams was asked whether he had any felony convictions within the last seven years, to which he accurately answered, "no".

25. As part of its hiring process, Lowe's also obtained a consumer report about him from First Advantage.

26. Shortly after he applied, Lowe's hired Adams as a seasonal sales associate and he began working at the Mayfield store .

27. Then suddenly on July 8, 2020, Lowe's called Adams to advise that his employment was terminated due to information contained on his consumer report.

28. At no time prior to terminating Adams, did Lowe's provide him with a copy of his consumer report or a written summary of his rights under the FCRA.

29. When Adams asked Lowe's for a copy of his consumer report, he was told that no such copy could be provided.

30. Only through counsel was Adams finally able to obtain a copy of his consumer

report from First Advantage, which contained information consistent with his previous self-disclosed record.

31. By not providing PAAN to Adams, he was deprived of his substantive right to contextual information contained in his report in an effort to retain his employment with Lowe's.

32. Indeed, the consumer report provided to Adams by First Advantage indicated that Lowe's review of his report was still "in progress" even though he was summarily terminated.

### Lowe's Practices and Policies

33. Lowe's creates and implements national, uniform hiring and staffing policies, procedures, and practices under which its stores operate.

34. Those policies, procedures, and practices cover the use of consumer reports to screen applicants and employees.

35. Despite having actual knowledge of its FCRA obligations, Lowe's *still* fails to provide PAAN to job applicants against whom it takes an adverse action based in whole or part on information contained in a consumer report.

36. Upon information and belief, Lowe's uses the same business process nationwide to obtain, use and adjudicate consumer reports as it did with Von Schoech and Adams.

### CLASS ACTION ALLEGATIONS

37. Pursuant to Federal Rule of Civil Procedure 23 and 15 U.S.C. § 1681b(b)(3)(A), Plaintiffs bring this action for themselves and on behalf of a class defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application or other request for placement to Lowe's, (b) who were the subject of a consumer report that was used by Lowe's or its agent to make an employment decision regarding such person during the FCRA statute of limitations period, 15 U.S.C. § 1681p, (c) for whom that decision was either a termination, rejection or a delay of the employment, and (d) who were not provided a copy of that consumer

report and/or the mandatory disclosures required in 15 U.S.C. § 1681b(b)(3) before that adverse decision.

38. Specifically excluded from this class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Lowe's releases of all their claims for all of their Class claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

### Rule 23(a) Prerequisites

39. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. Based on information and belief, the Class is comprised of at least thousands of members and is geographically dispersed throughout the country as to render joinder of all Class Members impracticable. The names and addresses of the Class members are identifiable through documents maintained by First Advantage and Lowe's, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

40. **Commonality.** Common questions of law and fact exist as to all members of the Class. Without limitation, the focus of the litigation will be Lowe's uniform conduct and procedures, whether Lowe's provided PAAN, when it did so, and whether Lowe's acted recklessly or willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of each of the Class.

41. **Typicality.** Plaintiffs' claims are typical of the other Class Members' claims. As described above, Lowe's use common practices and automated systems to screen applicants and employees. Plaintiffs seek only statutory and punitive damages for their classwide claims and, in

addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the Class.

42. **Adequacy.** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests coincide with, and are not antagonistic to, other Class Members' interests. Additionally, Plaintiffs have retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation.

### Rule 23(b) Prerequisites

43. Questions of law and fact common to the Class predominate over questions affecting only individual Members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each Member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Lowe's conduct. It would be virtually impossible for Class Members to individually and effectively redress the class-wide misconduct, particularly where the claims are based Lowe's failure to give Class Members proper notice under the FCRA. Even if the Class Members could afford individual litigation, it would be an unnecessary burden on the courts.

44. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Lowe's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

### COUNT I – CLASS CLAIM
### Violation of 15 U.S.C. § 1681b(b)(3)

45. Plaintiffs incorporate by reference those paragraphs set out above as though fully set forth herein.

46. Lowe's failure to provide Class Members with a copy of the consumer report upon which it based its decision to take adverse action *before* taking such action violated 15 U.S.C. § 1681b(b)(3)(A)(i).

47. Likewise, Lowe's failure to provide Class Members with a written summary of rights under the FCRA *before* taking adverse action violated 15 U.S.C. § 1681b(b)(3)(A)(ii).

48. Lowe's conduct was willful and/or reckless rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

49. Plaintiffs and Class Members are entitled to recover costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs and the Class Members pray for relief as follows:

1. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Class;

2. That judgment be entered for the proposed Class against Lowe's for statutory damages and punitive damages for violation of 15 U.S.C. § 1681b(b)(3) in an amount to be determined at trial;

3. That judgment be entered for the proposed Class against Lowe's for reasonable costs and attorney's fees to be determined by the Court; and

4. That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief that may be permitted.

## **TRIAL BY JURY**

Plaintiffs hereby request a trial by jury on those causes of action where a trial by jury is allowed by law.

DATED: October 14, 2020

                                              Respectfully submitted,

By:   */s/ Devan A. Dannelly*_____
Devan A. Dannelly (KY 98470)
**BIESECKER DUTKANYCH & MACER, LLC**
101 North 7th Street, Ste. 603
Louisville, KY 40202
Telephone: (502) 561-3484
Facsimile: (812) 424-1005
Email: ddannelly@bdlegal.com

Matthew A. Dooley (OH 0081482)*
**O'TOOLE, MCLAUGHLIN, DOOLEY & PECORA, CO. LPA**
5455 Detroit Road
Sheffield Village, OH 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
*Counsel for Plaintiffs*
*Pro hac admission to be filed