UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

MICHAEL VON SCHOECH, ET AL.                                              PLAINTIFFS

v.                                                                  No. 5:20-cv-168-BJB

LOWE'S HOME IMPROVEMENT, LLC                                              DEFENDANT

\* \* \* \* \*

### ORDER CONFIRMING ARBITRATOR'S AWARD AND DISMISSING

Former employees Michael Von Schoech and Matthew Adams sued Lowe's Home Improvement, LLC, for allegedly violating the Fair Credit Reporting Act. 15 U.S.C. § 1681(b)(3). Lowe's allegedly hired and promptly fired them as seasonal employees in 2020. Complaint (DN 1) ¶¶ 1, 12–33. Following this lawsuit's initiation, all parties agreed to submit the dispute to binding arbitration in accordance with the terms of their employment agreement; they further stipulated that this Court could enter judgment on the arbitrator's award. Stipulation (DN 21) ¶ 4.

The parties engaged in a year of settlement negotiations, *see* DNs 27, 29, 31, before submitting the matter to arbitration in February 2022, Status Report (DN 33). More than a year passed without comment until the Court requested a status report in 2023. *See* DN 42.

In response, Lowe's filed a motion to confirm the award entered by the arbitrator in June 2023 against Von Schoech. DN 45. The motion didn't seek to enforce anything against Adams, whom the arbitrator dismissed from the proceedings for failure to appear. Arbitrator's Order (DN 45-4). Neither Von Schoech nor Adams has responded to the Lowe's motion to confirm (or taken any other action in this Court) since the arbitrator's ruling. The Court therefore confirms the arbitrator's award in favor of Lowe's against Von Schoech and dismisses Plaintiff Matthew Adams' claims against Lowe's without prejudice for failure to prosecute.

### Von Schoech

"If the parties in their [arbitration] agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award." 9 U.S.C. § 9. Lowe's and Von Schoech stipulated that they would be bound by an arbitration agreement and consented to this Court's authority to confirm any resulting award. Stipulation ¶¶ 1, 4. The arbitrator entered a final award in favor of Lowe's against Von Schoech. Arbitrator's Award at 8. Lowe's moved to confirm the award within a year of the arbitrator's ruling. Motion to Confirm at 1. Because Von Schoech has not responded or otherwise presented any reason why the previous

1

stipulation of the parties would not compel entry of the award, the Court confirms the award against Von Schoech.

## Adams

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a case sua sponte for failure to prosecute. *See Rogers v. City of Warren*, 302 Fed. App'x 371, 375 n.4 (6th Cir. 2008). When contemplating dismissal under this rule, courts consider four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005). The caselaw implementing this rule governing involuntary dismissals balances "competing concerns": "The court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant," on the one hand, against our judicial system's general policy "favor[ing] disposition of cases on their merits," on the other. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

Here, Adams failed to bring this matter before the arbitrator as ordered by this Court and compelled by his employment agreement. Arbitrator's Award at 2. Because he did not appear, the arbitrator dismissed Adams from the proceedings and heard only the claims brought by Von Schoech. *Id.* And because Adams failed to respond to this Court's orders or otherwise pursue his case in litigation, involuntary dismissal is warranted under the factors set forth in *Wu*.

His failure to pursue his case for more than two years in either venue constitutes fault. *See, e.g.*, *Lusk v. Regions Bank*, No. 4:22-cv-59, 2023 WL 6053058 at *1 (E.D. Tenn. Sept. 15, 2023). Lowe's appears to have attempted to resolve this dispute in good faith and has suffered at least some prejudice—limited, to be sure—by litigating and arbitrating the dispute without the chance to finally resolve that dispute with Adams. Although the Court hasn't explicitly warned Adams that failure to prosecute the case here or before the arbitrator would lead to dismissal, he has failed to respond to other orders for more than two years. *See* DNs 21, 42. Allowing this dispute to linger longer in hopes of "disposition … on [its] merits" would not be appropriate or efficient given "[t]he court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant." *Yeutter*, 984 F.2d at 162. So involuntary dismissal is entirely appropriate here.

The Court will dismiss his claims without prejudice, however, to mitigate any "drastic sanctioning" that otherwise might follow. *See, e.g.*, *Lusk*, 2023 WL 6053058 (dismissing without prejudice the claims of a plaintiff who failed to appear before an arbitrator as ordered by the Court). And the Court would potentially entertain a motion for relief from judgment under Rule 60(b) should Adams finally appear with an appropriate explanation for his failure to pursue the case.

## ORDER

The Court confirms the arbitrator's award against Von Schoech, dismisses the claims of Adams without prejudice, and strikes this case from the active docket.

Benjamin Beaton, District Judge
United States District Court

June 7, 2024